# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

ROBERT JAHNKE, Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

vs.

MERCANTILE ADJUSTMENT BUREAU, LLC,

              Defendant.

Case No.: 15-cv-396

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Robert Jahnke is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt is related to Plaintiff's alleged personal credit card.

5.      Defendant Mercantile Adjustment Bureau, LLC ("Mercantile") is a New York limited liability company with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221.

6.     Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.     Mercantile is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Mercantile is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

8.     On or about January 16, 2013, Mercantile mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "RBS CARD SERVICES" A copy of this letter is attached to this Complaint as Exhibit A.

9.     The alleged debt identified in Exhibit A is an alleged credit card account used only for personal, family or household purposes.

10.     Exhibit A is a "self-mailer," which is "a folder that can be sent by mail without enclosure in an envelope by use of a gummed sticker or a pre-canceled stamp to hold the leaves together." http://www.merriam-webster.com/dictionary/self-mailer.

11.     Self-mailers are commonly used in the debt collection industry.

12.     The exterior face of Exhibit A containing Plaintiff's mailing address and visible to any person viewing the letter, includes the following text: "*Do not send payments or correspondence to the address above*." (emphasis in original).

13.     The Fair Debt Collection Practices Act prohibits unfair debt collection practices. 15 U.S.C. § 1692f.

14.     This prohibition includes "(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

2

15.     The envelope Defendant sent to Plaintiff included extraneous text. *See* Exhibit A.

16.     The language on Exhibit A violates the plain language of 15 U.S.C. § 1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDCPA—the invasion of privacy."); *Peter v. GC Services L.P.*, 310 F.3d 344, 351 (5th Cir. 2002).

17.     In *Peter*, for example, the Fifth Circuit held that text on the envelope impersonating the U.S. Department of Education:[1] "implicates this core concern of the FDCPA [impersonating public officials]." *Peter*, 310 F.3d at 351-52.

18.     Likewise, in *Douglass*, the Third Circuit held that a collection letter displaying the consumer's account number and a QR code[2] that linked to the consumer's alleged debt, through a "glassine" window envelope, violated § 1692f(8). *Douglass*, 765 F.3d at 303 ("Convergent's disclosure implicates a core concern animating the FDCPA—the invasion of privacy.")

19.     As in *Douglass* and *Peter*, the language on Exhibit A implicates a core concern animating the FDCPA – privacy.

20.     Several sections of the FDCPA prohibit debt collectors from publicly disclosing that the consumer allegedly owes a debt, or that the debt collector is collecting a debt.

21.     For example, 15 U.S.C. § 1692f(7) prohibits: "Communicating with a consumer regarding a debt by post card." The content of a post card is visible to anyone who views it.

22.     Likewise, 15 U.S.C. § 1692c(b) prohibits most communications with third parties:

---

[1]  US Department of Education
     P.O. Box 4144
     Greenville, TX 75403-4144
     Official Business
     Penalty for Private Use, $ 300
*Peter*, 310 F.3d at 347.

[2] http://en.wikipedia.org/wiki/QR_code

3

(b) **Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

23.     15 U.S.C. § 1692b allows but strictly regulates communications with third parties for the purpose of obtaining the consumer's location information, including explicit prohibitions against stating "that such consumer owes any debt," and using "any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt." 15 U.S.C. §§ 1692b(2), 1692b(5).

24.     Privacy of the consumer's personal information, including the existence and amount of a debt, is clearly "a core concern animating the FDCPA." *Douglass*, 765 F.3d at 303-04.

25.     The statement: "*Do not send payments or correspondence to the address above*," explicitly discloses to anyone viewing <u>Exhibit A</u> that the letter's purpose is debt collection. It refers to payments that are apparently to be sent to a different address.

26.     The unsophisticated consumer, viewing the statement: "*Do not send payments or correspondence to the address above*," would conclude that <u>Exhibit A</u> was a debt collection letter.

27.     The sole purpose of the statement: "*Do not send payments or correspondence to the address above*," is to make clear that <u>Exhibit A</u> is a debt collection letter.

28.     Further, it is simple for a debt collector to comply with 15 U.S.C. § 1692f(8) – do not print extraneous information on the envelopes.

4

## COUNT I – FDCPA

29.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30.     The portion of Exhibit A that corresponds to an "envelope," i.e. the portion visible to the public, contains the extraneous text: "*Do not send payments or correspondence to the address above*."

31.     Exhibit A discloses the existence of a debt and that it is from a debt collector.

32.     The unsophisticated consumer viewing the front of Exhibit A, unopened, would determine that Exhibit A was mailed by a debt collector.

33.     Mercantile's conduct violates 15 U.S.C. § 1692f(8).

## CLASS ALLEGATIONS

34.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 2, 2014, (e) that was not returned by the postal service.

35.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

36.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

37.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

38.     Plaintiff will fairly and adequately represent the interests of the Class members.

Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39.     A class action is superior to other alternative methods of adjudicating this dispute.

Individual cases are not economically feasible.

## JURY DEMAND

40.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  April 2, 2015

**ADEMI & O'REILLY, LLP**

By:     /S/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com

6